**HERBERT SMITH FREEHILLS KRAMER (US) LLP**
Kyle J. Ortiz, Esq.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Fax: (212) 715-8000

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Acorda Therapeutics, Inc., *et al.*,[1]<br><br>       Liquidating Debtors. | Chapter 11<br><br>Case No. 24-22284 (DSJ)<br><br>(Jointly Administered) |
| Alexandre Zyngier, Liquidation Trustee of the Acorda Therapeutics Liquidation Trust,<br><br>       Plaintiff,<br><br>v.<br><br>Archer Insights LLC,<br><br>       Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C.**
**§§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Alexandre Zyngier (the "Plaintiff"), Liquidation Trustee[2] of the Acorda Therapeutics

Liquidation Trust (the "Liquidation Trust"), by and through its undersigned counsel, files this

complaint (the "Complaint") against Archer Insights LLC (the "Defendant") to avoid and

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Acorda Therapeutics, Inc. (1168), Civitas Therapeutics, Inc. (2814), Biotie Therapies, LLC (2149), Biotie Therapies AG (N/A), Neuronex, Inc. (5094), and Acorda Therapeutics Limited (N/A). For the purposes of these chapter 11 cases, the address for the Debtors is: 2 Blue Hill Plaza, 3rd Floor, Pearl River, New York 10965.

[2] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Plan and Disclosure Statement (as defined below).

recover transfers that occurred prior to commencement of the Debtors' bankruptcy cases and to disallow any claims against the Debtors held by Defendant. In support of this Complaint, Plaintiff alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property of Acorda Therapeutics, Inc., Civitas Therapeutics, Inc., Biotie Therapies, LLC, Biotie Therapies AG, Neuronex, Inc., and Acorda Therapeutics Limited (collectively, the "Debtors") made during the ninety (90) day period prior to the commencement of the bankruptcy cases of the Debtors pursuant to sections 547 and 550 of chapter 5 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to proof, Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made pursuant to sections 548 and 550 of the Bankruptcy Code any transfers that may have been fraudulent conveyances.

2. In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant. Plaintiff does not waive but hereby reserves its rights and the rights of the Debtors to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *In re Acorda Therapeutics, Inc., et al.,* Case No. 24-22284 (DSJ), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.     This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter final orders for matters contained herein.

5.     Plaintiff confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9033-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York, to the entry of a final order by the Court in connection with this Complaint to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BASIS FOR RELIEF REQUESTED**

7.     The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001.

**PROCEDURAL BACKGROUND**

8.     On April 1, 2024 (the "Petition Date"), each of the Debtors commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

9.     Following the Petition Date, the Debtors remained in possession of their assets and continued to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code to implement liquidation of the Debtors' assets and wind down their operations.

10.     On August 6, 2024, the Debtors filed their *Modified First Amended Joint Chapter 11 Plan of Liquidation of Acorda Therapeutics and Its Affiliated Debtors* (the "Plan") [Dkt. No.

417].

11.     On August 7, 2024, this Court entered the *Findings of Facts and Conclusions of Law, and Order (I) Confirming the Modified First Amended Joint Chapter 11 Plan of Liquidation of Acorda Therapeutics and Its Affiliated Debtors and (II) Granting Related Relief* (the "Confirmation Order") [Dkt. No. 428].

12.     Pursuant to the Confirmation Order, and as is more fully set forth in the Liquidation Trust Agreement incorporated herein by reference, on the Effective Date, the Debtors were deemed to transfer all of their rights, title, and interest in and to the Liquidation Trust Assets to the Liquidation Trust free and clear of all liens, claims, encumbrances, and other interests, in accordance with section 1141 of the Bankruptcy Code. The Liquidation Trust Assets, including Causes of Action and any proceeding thereof, vested in the Liquidation Trust on the Effective Date. The Plan definition of Causes of Action includes, among other things, Avoidance Actions, which are "any and all actual or potential Causes of Action of the Debtors arising under chapter 5 of the Bankruptcy Code or under similar or related state or federal statutes and common law, including, without limitation, all preference, fraudulent conveyance, fraudulent transfer, and/or other similar avoidance action claims, rights, and causes of action, and commercial tort law, to the extent not previously transferred, sold, assigned, or waived under any prior order of the Bankruptcy Court in these Chapter 11 Cases."

13.     The Confirmation Order provides that the Liquidation Trust shall be governed by the Liquidation Trust Agreement and administered by the Liquidation Trustee. The powers, rights, and responsibilities of the Liquidation Trustee are specified in the Liquidation Trust Agreement. As is more fully set forth in the Liquidation Trust Agreement, the Liquidation Trustee shall be the exclusive administrator of the Liquidation Trust Assets as well as the representative of the Estates

4

for purposes of carrying out the Liquidation Trustee's duties under the Liquidation Trust Agreement.

14. On August 6, 2024, the Debtors filed the *Notice of Filing of Amended Plan Supplement* (the "Plan Supplement") [Dkt. No. 420]. The exhibits to the Plan Supplement include the Liquidation Trust Agreement and identify Alexandre Zygnier as the Liquidation Trustee for the Liquidation Trust.

15. On August 21, 2024, the Effective Date of the Plan occurred, and the Plan was consummated.

16. Pursuant to Article III of the Plan and Section V of the *First Amended Disclosure Statement for Joint Chapter 11 Plan of Liquidation of Acorda Therapeutics and Its Affiliated Debtors* (the "Disclosure Statement") [Dkt. No. 352], General Unsecured Claims comprise an impaired class of creditors and are not expected to be paid in full.

## THE PARTIES

17. Plaintiff, Alexandre Zygnier is the Liquidation Trustee for the Liquidation Trust of the Debtors and was appointed on the Effective Date pursuant to the Confirmation Order.

18. Upon information and belief, Defendant was, at all relevant times, a vendor or creditor that provided goods and/or services to or for the Debtors. Upon further information and belief, at all relevant times, Defendant's residence or principal place of business is located at 411 Swedeland Rd, Suite 23-1080, King of Prussia, PA 19406. Plaintiff is informed and believes that Defendant is an ERP consulting firm which helps transition Life Science companies from early stage to commercialization residing in and subject to the laws of the State of Pennsylvania.

19. Pursuant to Bankruptcy Code sections 502, 547, 548, 550, 1106, and 1107, Plaintiff is authorized and has standing to pursue this avoidance action.

## FACTUAL BACKGROUND

20.     Prior to the Petition Date, the Debtors maintained business relationships with various business entities and individuals, through which the Debtors regularly purchased, sold, received, and/or delivered goods and services.

21.     On April 1, 2024, the Debtors commenced the Chapter 11 Cases.

22.     During the ninety (90) days before and including the Petition Date, that is between January 2, 2024 and April 1, 2024 (the "Preference Period"), the Debtors continued to operate their businesses, including the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities.

23.     Upon information and belief, during the course of their relationship, Defendant and the Debtors entered into agreements for the purchase of goods and/or services by the Debtors from Defendant, which are evidenced by one or more contracts, purchase orders, invoices, communications and other documents (collectively, the "Agreements").

24.     Upon further information and belief, the Agreements concerned and related to the goods and/or services provided by Defendant to the Debtors.  The payments to Defendant in respect of the Agreements during the Preference Period are set forth on the Statement of Account, which is attached hereto and incorporated by reference as Exhibit A.  Such details include "Invoice Number," "Invoice Date," "Invoice Amount."

25.     Plaintiff is seeking to avoid all transfers of an interest of a Debtor's property made by a Debtor to Defendant within the Preference Period.

26.     The Debtors made transfer(s) of an interest of their property to or for the benefit of Defendant during the Preference Period through payments aggregating not less than the amount set forth on Exhibit A hereto (the "Transfer" or "Transfers").  The details of each Transfer

6

are set forth on <u>Exhibit A</u> attached hereto and incorporated by reference.  Such details include "Check Number," "Check Amount," "Clear Date," and "Debtor Transferor(s)."

27.  On or about September 23, 2025, Plaintiff, through counsel, sent a demand letter (the "<u>Demand Letter</u>") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated that if Defendant believed it had any valid defenses under the Bankruptcy Code to the Liquidating Trustee's demand for payment of the Preferential Transfers, to provide a detailed explanation of the defenses, together with supporting materials.

28.  Plaintiff also performed a separate due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant, including defenses arising under section 547(c), for which Defendant bears the burden of proof under section 547(g) by a preponderance of evidence.

29.  Based upon Plaintiff's due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid and recover some or all Transfers even after taking into account Defendant's potential affirmative defenses.

30.  During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtor to or for the benefit of Defendant or any other transferee.  Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "<u>Amendments</u>"), that may become known to Plaintiff at any time

during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**

31. Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth fully herein.

32. During the Preference Period, a Debtor made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

33. Each Transfer was made from a Debtor, and constituted transfers of an interest in property of the Debtor.

34. Defendant was a creditor of a Debtor at the time of each Transfer by virtue of supplying goods and/or services to the Debtor for which Debtor was obligated to pay in accordance with the Agreements. *See* Exhibit A.

35. Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied an antecedent debt or debts then owed by Plaintiff to Defendant. *See* Exhibit A.

36. Each Transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to Defendant before such Transfers were made, as asserted by Defendant and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor. *See* Exhibit A.

37. Each Transfer was made while the Debtor was insolvent. As successor to the Debtor, Plaintiff is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

38.   Each Transfer was made during the Preference Period, as set forth on Exhibit A.

39.   As a result of each Transfer, Defendant received more than Defendant would have received if: (i) the applicable Debtor's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code.  As evidenced by the Debtors' schedules filed in the Chapter 11 Cases as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, the Debtors' liabilities exceed their assets such that the Debtors' unsecured creditors will not receive payment of their claims in full from the Debtors' bankruptcy estate.

40.   In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

### Second Claim for Relief
**(Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))**

41.   Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth fully herein.

42.   To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that Plaintiff did not receive reasonably equivalent value in exchange for such transfer(s) (the "Potentially Fraudulent Transfers"); and

   A. Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

   B. Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Plaintiff or for whose benefit the Transfer(s) was made was an unreasonably small capital; or

C. Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

43. Based upon the foregoing, the Potentially Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

**Third Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

44. Plaintiff incorporates all preceding paragraphs of the Complaint as though set forth fully herein.

45. Plaintiff is entitled to avoid the Transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Potentially Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, the "Avoidable Transfers").

46. Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

47. Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

48. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

49. Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

50. Defendant has not paid the amount of the Avoidable Transfer(s), or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

51.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtor's chapter 11 estate or the Debtor must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

52.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtor's chapter 11 estate or Plaintiff previously allowed by the Debtor or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s).

[*Remainder of Page Intentionally Left Blank*]

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant it the following relief against Defendant:

A. On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B. On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims held or filed by Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C. Such other and further relief as this Court may deem just and proper.

Dated: March 23, 2026

**HERBERT SMITH FREEHILLS KRAMER (US) LLP**

By: /s/ Kyle J. Ortiz
Kyle J. Ortiz, Esq.
1177 Avenue of the Americas
New York, NY 10036
Telephone: (212) 715-9100
Fax: (212) 715-8000
Email: Kyle.Ortiz@hsfkramer.com

*Attorneys for Plaintiff*

| | Defendant: | **Archer Insights LLC** |
| :--- | :--- | :--- |
| | Bankruptcy Case | **Acorda Therapeutics, Inc., et al.** |
| | Preference Period: | **1/2/2024 to 4/1/2024** |

### Transfers During Preference Period

| Debtor Transferor(s) | Debtor(s) Incurring Antecedent Debt | Payment Number | Payment Date | Payment Amount | Invoice Number | Invoice Date | Invoice Amount |
| :--- | :--- | :--- | :--- | :--- | :--- | :--- | :--- |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00765 | 1/1/2024 | $28,800.00 |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00810 | 1/1/2024 | $28,800.00 |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00760 | 1/1/2024 | $19,700.00 |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00777 | 1/1/2024 | $15,450.00 |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00796 | 1/8/2024 | $3,500.00 |
| Acorda Therapeutics, Inc. | Acorda Therapeutics, Inc. | Bill Payment #00000146/3 | 2/6/2024 | $114,250.00 | INV00768 | 2/1/2024 | $18,000.00 |

**Totals:** **1 transfer(s), $114,250.00**